UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMER THIBODEAUX,<br><br>                              Plaintiff,<br><br>  v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                              Defendant. | Case No.:  3:20-cv-0651 W (LL)<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND [DOC. 10]** |

    Defendant United States Postal Service ("USPS") moves to dismiss arguing this Court lacks subject-matter jurisdiction over this removed case under the derivative-jurisdiction doctrine.  Plaintiff Delmer Thibodeaux opposes the motion.

    The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS** the motion [Doc. 10] and **DISMISSES** this lawsuit **WITHOUT LEAVE TO AMEND**.

**I.     BACKGROUND**

    Plaintiff Delmer Thibodeaux filed this lawsuit in the San Diego Superior Court against Defendant USPS for injuries sustained in an automobile accident.  (*See Compl.* p.

1

5.[1]) On April 3, 2020, USPS removed the case to this Court under 28 U.S.C. § 1442(a)(1). (*Notice of Removal* ¶ 4.) USPS now moves to dismiss arguing that this Court lacks subject matter jurisdiction. (*P&A* [Doc. 10] 1:12.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for a lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Because of this, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted). However, removal jurisdiction under § 1442 is to be construed "broadly in favor of removal." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).

Challenges to jurisdiction may be either facial or factual in nature. San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior, 905 F. Supp. 2d 1158, 1167 (E.D. Cal. 2012). A facial attack to jurisdiction "accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) ). A factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." Id.

## III.   DISCUSSION

USPS argues Thibodeaux sued the wrong party because the United States of America is the only appropriate defendant to a negligence claim. (*P&A* [Doc. 10] 1:12–

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit B [Doc. 1-3].

2

15.) As a result, USPS contends the state court lacked jurisdiction and, under the derivative jurisdiction doctrine, this Court also lacks subject-matter jurisdiction. (*Id.* 1:5–6.) Thibodeaux responds that the USPS may be sued under the Postal Reorganization Act, 39 U.S.C. § 409 ("PRA") and 28 U.S.C. § 1441 abolished the derivative-jurisidction doctrine. (*Opp'n* [Doc. 11] 2:16–3:3.)

Under the PRA, the USPS is "an independent establishment of the executive branch" of the United States Government. Dolan v. U.S. Postal Service, 546 U.S. 481, 483–84 (2006) (citing 39 U.S.C. § 201). "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver." Id. at 484 (citing Postal Service v. Flamingo Industries (USA) Ltd., 540 U.S. 736, 741 (2004)). "Although the Postal Reorganization Act generally 'waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name,' [citation omitted], the statute also provides that the [Federal Tort Claims Act] 'shall apply to tort claims arising out of activities of the Postal Service,' § 409(c)." Id. (quoting Flamingo Industries, 540 U.S. at 741 (quoting 39 U.S.C. § 401(c))). Thus, contrary to Thibodeaux's contention, tort claims against the USPS arising from automobile accidents are governed by the FTCA, not the PRA.

Under the FTCA, "[t]he USPS . . . it is not a proper party under . . . . The United States is the only proper party defendant . . . ." Jordan v. United States, 2007 WL 935585, *3 (S.D. Cal. 2007) (quoting Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1988)). "A 'claim against the [USPS] in its own name is not a claim against the United States.'" Id. (quoting Kennedy, at 1078). For this reason, the San Diego Superior Court lacked jurisdiction over Thibodeaux's case.

Thibodeaux argues, however, that he should be given leave to amend to name the United States. But the derivative-jurisdiction doctrine provides "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none [upon removal], although it might in a like suit originally brought there have had jurisdiction." Lambert Run Coal Co. v. Baltimore & O.R. Co., 258 U.S. 377, 382 (1922); see also

Arizona v. Manypenny, 451 U.S. 232, 242 n.17 (1981); Minnesota v. United States, 305 U.S. 382, 389 (1939).  "[T]his doctrine of derivative jurisdiction is premised on the legal fiction that a case filed in state court over which that court lacks jurisdiction is void from its very beginning, and a federal court therefore has no jurisdiction to acquire over the case via removal."  Rubie's LLC v. First American Title Co., 2018 WL 6419674, *4 (E.D. Cal. Dec. 5, 2018) (citations omitted).  Because the San Diego Superior Court lacked jurisdiction over this case, this Court also lacks subject-matter jurisdiction.

Thibodeaux, nevertheless, argues that 28 U.S.C. § 1441 abolished the derivative jurisdiction doctrine.  Though he is correct, this case was removed under 28 U.S.C. § 1442, not section 1441.  Congress did not abolish the doctrine in cases removed under section 1442 and "it appears the doctrine of derivative jurisdiction remains the law of this Circuit for removals under § 1442, any prior criticism of the doctrine notwithstanding."  Rubie's LLC, 2018 WL 6419674, * 3 (citing cases within the Ninth Circuit applying the derivative jurisdiction doctrine).  Accordingly, the Court must dismiss this case.

### IV.   CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant's motion [Doc. 10] and **DISMISSES** this case **WITHOUT LEAVE TO AMEND**.

IT IS SO ORDERED.

Dated:  January 25, 2021

                                                               _____
                                                               Hon. Thomas J. Whelan
                                                               United States District Judge